1  DAVID G. SPIVAK (SBN 179684)
        david@spivaklaw.com
2  THE SPIVAK LAW FIRM
   16530 Ventura Blvd., Ste. 203
3  Encino, CA 91436
   Telephone (818) 582-3086
4  Facsimile (818) 582-2561

5  Attorney for Plaintiff,
   OTINA SENGVONG, and all others similarly situated
6  (Additional Counsel on Following Page)

7           **IN THE UNITED STATES DISTRICT COURT**

8           **SOUTHERN DISTRICT OF CALIFORNIA**

9  OTINA SENGVONG, on behalf of        Case No.: 19-cv-02231-MMA (JLB)
   himself, and all others similarly situated,
10 and as an "aggrieved employee" on   **JOINT 26(f) REPORT AND**
   behalf of other "aggrieved employees" **DISCOVERY PLAN**
11 under the Labor Code Private Attorneys
   General Act of 2004,                Hon. Jill L. Burkhardt
12                                      U.S. Magistrate Judge
           *Plaintiff(s)*,             Edward J. Schwartz, Courtroom 5140
13
           vs.
14
   PROBUILD COMPANY LLC, a
15 Delaware limited liability company dba
   DIXIELINE LUMBER & HOME
16 CENTERS, DIXIELINE TRUSS
   YARD, DIXIELINE CLASSIC
17 COLLECTIONS, DIXIELINE HOME
   CENTERS;  BUILDERS
18 FIRSTSOURCE DALLAS, LLC, a
   Delaware limited liability company;
19 BUILDERS FIRSTSOURCE, INC., a
   Delaware corporation; and DOES 1
20 through 50, inclusive,
           *Defendant(s)*.
21

22

23

24

25

26

27

28

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC,*    1    Joint 26(f) Report and Discovery Plan
*et al.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTORNEYS FOR DEFENDANTS

NICKY JATANA (SBN 197682)
       Nicky.jatana@jacksonlewis.com
ANDREA F. OXMAN (SBN 252646)
       Andrea.oxman@jacksonlewis.com
SEHREEN LADAK (SBN 307895)
       Sehreen.ladak@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Ste 2500
Los Angeles, CA 90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendants,
PROBUILD COMPANY LLC dba DIXIELINE LUMBER & HOME CENTERS,
DIXIELINE TRUSS YARD, DIXIELINE CLASSIC COLLECTIONS,
DIXIELINE HOME CENTERS;  BUILDERS FIRSTSOURCE DALLAS, LLC;
and BUILDERS FIRSTSOURCE, INC.

## ADDITIONAL ATTORNEY FOR PLAINTIFF

WALTER HAINES (SBN 71075)
       walter@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone:   (562) 256-1047
Facsimile:   (562) 256-1006

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC, et al.*       2       Joint 26(f) Report and Discovery Plan

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and the Court's *Notice and Order for Early Neutral Evaluation Case Conference and Case Management Conference* dated January 15, 2020 [ECF # 7], counsel for Plaintiff Otina Sengvong ("Plaintiff" or "Sengvong") and Defendants Probuild Company LLC dba Dixieline Lumber & Home Centers, Dixieline Truss Yard, Dixieline Classic Collections, Dixieline Home Centers; Builders Firstsource Dallas, LLC; and Builders Firstsource, Inc. ("Defendants"), held an early meeting, by telephone, on January 30, 2020 to conduct a Rule 26(f) conference. The Parties hereby submit their Rule 26(f) Report and Joint Discovery Plan. As to the matters on which the Parties could not agree, the positions of the Plaintiff and Defendants are separately stated and identified.

**I.**     **Synopsis of Principal Issues in the Case**

   **A.**     **Plaintiff's Claims**

Defendants hired Plaintiff effective January 25, 2018 to work at the Dixieline Lumber & Home Center in San Diego, California. Defendants employed Plaintiff continuously from his hire as an hourly materials handler until February 6, 2019. Defendants hired Plaintiff to work part time, however, he worked around 40 hours or more every week.

Defendants at all relevant times compensated Plaintiff and the Class Members with an hourly rate of pay on a bi-weekly basis. Plaintiff's job duties included handling materials used to construct components and finished products to ensure movement of such items is optimized, which included stacking, lifting, and carrying items such as lumber, and operating motorized and non-motorized material handling equipment.

Plaintiff alleges that Defendants are liable to him and other similarly situated current and former hourly employees in California, including but not limited to material handlers, and comparable positions, for unpaid wages and other related

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC, et al.*     3     Joint 26(f) Report and Discovery Plan

relief. Plaintiff alleges that Defendants failed to (1) provide all meal periods, (2) provide all rest periods, (3) pay all wages earned for all hours worked at the correct rates of pay, (4) indemnify for work related expenses including the price of gloves and tapes measures, (5) provide accurate written wage statements, (6) timely pay final wages upon termination of employment, and (7) fairly compete.

At all relevant times, Defendants had a policy and practice of failing to provide Plaintiff and the Class with all required rest breaks free from any work or duties in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday. Defendants failed to provide duty-free paid rest periods to Plaintiff and the Class Members during most of their workdays due to inadequate staffing. Defendants did not hire and staff enough employees on a shift to perform the duties of Plaintiff and the Class Members to allow for rest breaks. Defendants failed to provide Plaintiff and the Class Members with paid net rest periods of at least ten minutes for each four-hour work period, or major portion thereof. Defendants' policies and practices lack adequate safeguards to ensure that employees are relieved of their duties for all required rest periods and are paid additional wages when rest periods are not provided. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and the Class Members the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to them.

At all relevant times, Defendants had a policy and practice of actively preventing Plaintiff and the Class Members from taking duty-free meal breaks as required by California law. They also failed to provide Plaintiff and the Class Members with a second duty-free, 30-minute meal period before they worked more than 10 hours in a workday. Defendants would require Plaintiff and the Class Members to clock back in early from their meal period when it was provided. Further, Defendants' foremen modified the time records of Plaintiff and the Class

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC, et al.*     4     Joint 26(f) Report and Discovery Plan

Members to falsely state that they took duty-free, timely, 30-minute meal periods. However, if Plaintiff and the Class Members did receive a meal period, it would be more than five hours into their work shift or the foreman or another employee would interrupt them with demands that they resume their work. Defendants did not provide Plaintiff and the Class Members compliant meal periods due understaffing, when they were provided. Defendants did not hire a sufficient number of employees to allow Plaintiff and the Class Members to have a timely duty-free meal period, when they even received a meal period. Plaintiff and the Class Members did not waive their meal periods nor did they enter into lawful on-duty meal period agreements with Defendants. Furthermore, Defendants did not pay Plaintiff and the Class Members the additional wages required by California Labor Code § 226.7 for all meal periods not provided to them.

Defendants did not pay Plaintiff and the Class Members minimum, regular or overtime wages for the work they required or permitted them to perform during off-the-clock meal periods, before clocking in to begin their shifts, and after clocking out at the conclusion of their shifts. At all relevant times, Defendants failed to pay all overtime compensation to Plaintiff and the Class Members for hours worked in excess of eight hours per day due to working during clocked-out meal periods, before clocking-in, and after clocking out. Defendants also failed to pay all overtime compensation to Plaintiff and the Class Members for hours worked in excess of 40 hours per week due to working during clocked-out meal periods, before clocking-in, and after clocking-out.

Plaintiff also has brought derivative claims under Labor Code §§ 201-203 (that require Defendants to pay all earned and unpaid wages due immediately upon discharge), Labor Code § 226, California Business & Professions Code §§ 17200, et seq., and Labor Code §§ 2698, et seq. (civil penalties). Additionally, Plaintiff plans to bring claims under the Fair Employment and Housing Act for racial

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

discrimination.

### B. Defendants' Position

Defendants contend that Plaintiff's Complaint does not articulate the specific factual grounds upon which the purported claims for relief are based. Regardless, Defendants deny all claims by Plaintiff. Defendants maintain that at all times relevant to the Complaint, Defendants' policies and procedures have complied with the California Labor Code and other applicable laws. Defendants further contend that Plaintiff and the putative class were timely provided with meal and rest periods, as required by California law, and timely paid all wages owed (including overtime) for all hours worked. Finally, contrary to Plaintiff's allegations, neither Plaintiff, nor any putative class member, was required to provide their own work gloves or tape measures for use at work. Defendants also maintained a written policy authorizing reimbursement of employees' necessary business expenses, but Plaintiff never availed himself of same.

## II. Jurisdiction and Status of Service

On October 15, 2019, this action was filed in the Superior Court of California for the County of San Diego, case no. 37-2019-00054729-CU-OE-CTL.

On November 11, 2019, Defendants agreed to accept service of Plaintiff's Complaint and related court documents via a notice and acknowledgement form.

On or about November 25, 2019, Defendants timely removed the action to this Court. No issues presently exist as to jurisdiction or venue. No parties remain to be served and the Parties do not presently anticipate any interventions.

## III. Settlement and ADR Procedures

The Parties are willing to participate in private mediation should the case not be resolved at the upcoming Early Neutral Evaluation ("ENE). The Parties will conduct informal discovery necessary to prepare for the mediation.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC, et al.*     6     Joint 26(f) Report and Discovery Plan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.** **Pretrial Motions, Dispositive Motions, and Cut-Off Dates**

    **A.** **Plaintiff's Position**

Plaintiff intends to file a motion for class certification upon completion of discovery related to class certification. Pursuant to the Court's "Notice and Order: (1) For Early Neutral Evaluation Conference, (2) Setting Rule 26 Compliance and Case Management Conference" ("Order"), Plaintiff's deadline to file a motion for class certification is July 24, 2020. Plaintiff believes the Parties will need additional time to perform discovery relating to class certification before Plaintiff files his motion for class certification. Plaintiff plans to request the names of all putative class members through an opt-out notice (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Defendants advise that there are approximately 1,623 putative class members. Plaintiff believes this process will take at least six months. Plaintiff requests that the Court extend Plaintiff's deadline to file for class certification from July 24, 2020 to October 26, 2020.

At present, Plaintiff does not intend to file any dispositive motions. However, Plaintiff proposes July 26, 2021 as the deadline for filing all dispositive motions.

    **B.** **Defendants' Position**

Defendants do not oppose Plaintiff's request to extend the deadline to file a motion for class certification to October 26, 2020.

Defendants intend to file a motion to strike Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 23(d)(1)(D) and/or pursuant to Federal Rule of Civil Procedure 56, given that Plaintiff executed a binding and enforceable class action waiver at the start of his employment.  Defendants also anticipate filing a dispositive motion, but request that any deadlines related to such motions be revisited upon the Court's determination concerning class certification.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

**V.    Possible Joinders, Amendment of Pleadings, and Additional Parties**

Plaintiff will either separately file his claims for racial harassment and other violations of the Fair Employment and Housing Act or add his claims for racial harassment and the individual harasser as a defendant to this lawsuit. Also, Plaintiff reserves the right to add additional defendants should he determine that there are other employers, persons who fail to pay wages, persons who unlawfully withhold wages, or, pursuant to Labor Code § 558.1, other persons acting on behalf of the employers responsible for the Labor Code violations of Labor Code §§ 210, 225.5, 226.3, 558, and 1197.1 at issue in this lawsuit.

The Court has proposed a deadline of April 8, 2020 for the filing of motions to amend pleadings and/or add parties.  Plaintiff contends that good cause exists to extend this deadline to June 8, 2020, because the Parties have not yet conducted discovery and Plaintiff intends to file claims as described above.

Defendants do not oppose Plaintiff's request to extend the deadline.

**VI.    Evidence Preservation**

**A.    Plaintiff's Position**

Counsel for Plaintiff confirms that he has taken the required steps to help ensure the preservation of potentially discoverable materials in Plaintiff's possession, custody or control. Plaintiff has requested that Defendants preserve the following categories of evidence in both their native electronic form (if any) and paper form for their hourly California employees, including, but not limited to, material handlers, for the period beginning four years before the lawsuit to the present: (1) Any and all photographs and audio and video recordings of such employees; (2) The employees' personnel files and employment records pursuant to California Labor Code § 1198.5, including employment applications, employment termination reports, separation confirmation letters, employee handbook acknowledgments, and background/credit checks; (3) Any and all

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC,*    8    Joint 26(f) Report and Discovery Plan
*et al.*

agreements and other instruments relating to the employees' obtainment or holding of employment pursuant to California Labor Code § 432 (including offer letters, background/credit check authorizations, first meal period waivers, second meal period waivers, arbitration agreements and releases); (4) Any and all Notice to Employee forms under California Labor Code § 2810.5(a) signed by the employees; (5) All documents (written or electronic) evidencing employee work including, but not limited to, work schedules, time and attendance records, zone charts, return receipts, work assignments, records of hours worked, correspondence/communications with employee's manager(s), diaries, logs and calendars; (6) All documents (written or electronic) related to employee compensation and hours worked including, but not limited to, all relevant tax records, sign off sheets (time), timecards, schedules; (7) All documents related to employee wage statements (pay stubs and paychecks) in their native electronic format, including earnings statements and time edits, adjustments, additions, deletions and corrections; (8) All documents (written or electronic) related to employee policies including, but not limited to, employee handbooks, standards of conduct, work rules, employee benefit information, and personnel policies and procedures; (9) All personal and business e-mails (including auto archived messages, Sent folders, and Deleted folders) in which employee is mentioned; (10) All personal and business e-mails (including auto archived messages, Sent folders, and Deleted folders) in which employee sent or received; (11) All personal and business cellular telephone and pager records and/or statements that reflect the times, dates, substance or numbers of outgoing and incoming calls, text messages, or pages made during working hours relating to employee's employment; (12) Any information stored on personal or business digital and electronic assistants, Blackberry devices, mobile phones, smart phones, cellular phones, pagers, desktop computers, computer databases, laptop computers, intelligent filed devices, and

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

other electronic communication devices that reflect employee's access of the internet, programs or software; (13) Any and all documents of the times, dates, subjects, substance, and email addresses of all outgoing and incoming email messages relating to employee's work and other matters during their employment; (14) All documents (written or electronic) related to any collective bargaining agreement that governed employee's employment including, but not limited to, interpretations, guidelines, inquiries, responses to inquiries, and grievances; (15) Any and all documents (written or electronic) related to meal periods, rest periods, customer service, and staffing levels including, but not limited to, agreements, waivers, policies, rules, procedures, posters, manuals, handbooks, orientation materials, training materials, and schedules; and (16) Any and all documents (written or electronic) constituting or relating to employee's position description, duties, transfers, reassignments, promotions, performance evaluations, performance improvement plans, performance development plans, performance counseling statements, personnel action forms, training records, discipline, counseling, benefits, discharge, resignation, lay off or retirement, and any other documents contemplated by California Labor Code §§ 226, 1174 and 1175.

### B. Defendants' Position

Defendants hereby certify that they have reviewed the Guidelines relating to the Discovery of Electronically Stored Information and have met and conferred with Plaintiff pursuant to Rule 26(f). Defendants have taken steps to preserve evidence relevant to the issues reasonably in dispute in this case, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mail, and other electronically recorded material.

## VII. Discovery Plan

### A. Rule 26(a)(1) Initial Disclosures

The Parties exchanged Initial Disclosures on or before February 28, 2020.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

**VIII.** **Rule 26(a)(2) Expert Disclosures**

    **A.** **Plaintiff's Position**

Pursuant to Rule 26(a)(2)(A-E), Plaintiff proposes that the Parties serve their expert disclosures 90 days before the date set for trial. Plaintiff does not believe any changes should be made in the form and requirements for disclosures under Rule 26(a). Plaintiff does not believe that further discovery conferences are required.

Plaintiff believes that expert evidence may be required in the form of testimony by a data analyst, economist, or statistician. Plaintiff believes the issues in the case that implicate the need for expert evidence arise from Plaintiff's claims for violations of laws relating to: (a) meal and rest periods, (b) not paying all hours worked at the correct rate of pay, (c) inaccurate wage statements, and (d) civil penalties. Plaintiff's counsel does not anticipate any issues in regard to expert testimony under *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993) as the expert testimony would assist the Court in determining a factual issue and would not be scientific in nature.

    **B.** **Defendants' Position**

Defendants anticipate that the class certification issues in this case may implicate expert evidence, including issues under *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).  Defendants may use expert testimony to refute liability and damages.

**IX.** **Summary Judgement Motions**

    **A.** **Plaintiff's Position**

Plaintiff does not believe that any issues may be resolved by summary judgement or partial summary judgement.

    **B.** **Defendants' Position**

Defendants anticipate filing a Motion for Summary Judgment/Adjudication on the grounds some or all of Plaintiff's claims fail, as a matter of law.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

## X.   Subject of Discovery and Discovery Cut-Off Date

The Parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of California, subject to modification by agreement of the Parties or by Court order, as necessary under the circumstances.

### A. Plaintiff's Position

Plaintiff contends that discovery will be necessary on the following subject areas: (1) the claims asserted in Plaintiff's operative complaint, (2) the extent of Plaintiff's and putative class members' alleged unpaid wages, interest, restitution, and penalties, and (3) Defendants' defenses to Plaintiff's claims. Plaintiff contends that discovery need not be conducted in phases or be limited to certain issues. Plaintiff will also propound discovery seeking (1) all policies and procedures applicable to him and the proposed class pertaining to the alleged wage and hour violations, (2) the size of the proposed class, (3) the names, addresses and phone numbers of the proposed class, (4) the payroll, time and attendance, and personnel records pertaining to Plaintiff, including agreements between the Parties, and (5) any and all employment applications and related disclosures and acknowledgments. Plaintiff intends to seek such information by means of depositions, special interrogatories, requests for production of documents, and requests for admission.

Plaintiff needs class contact information from Defendants' records. He recommends that the Parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede the Defendants' delivery of this information to Plaintiff's counsel. Plaintiff plans to present Defendants with a proposed order to govern this process. If the Parties agree on the notice process, Plaintiff will bear the costs.

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

## B. Defendants' Position

Defendants contend that discovery should be conducted in phases, with the first phase concerning class certification and Plaintiff's individual claims, including Plaintiff's wage and hour claims asserted in the Complaint and Plaintiff's separate presently unpled claims for alleged racial harassment and other alleged violations of the California Fair Employment and Housing Act, and the second phase concerning the substantive claims of the putative class members. Defendants anticipate the subjects of discovery will include the names of witnesses and disclosure of documents pertinent to the facts alleged in Plaintiff's Complaint and pertinent to Plaintiff's unpled claims for alleged racial harassment and other unspecified alleged violations of the Fair Employment and Housing Act, Defendants' defenses, and the bases for Plaintiff's requests for relief. Defendant will seek to depose Plaintiff during the first phase of discovery.

Defendants contend that bifurcation of discovery between pre-certification class discovery and post-certification merits discovery is the most efficient approach to early resolution. Several district courts have ruled that a plaintiff is required to make a prima facie showing of company-wide violations prior to allowing discovery related to locations where the plaintiff never worked. S*ee Dittmar v. Costco Wholesale Corp.* 2016 U.S. Dist. LEXIS 172404 at *11-22 (S.D. Cal. 2016) (pre-certification discovery limited to only those locations supervised by plaintiff's supervisors); *Franco v. Bank of America,* 2009 U.S. Dist. LEXIS 111873 at *10-11 (S.D. Cal. 2009) (scope of *Belaire* notices limited to only the branch offices where the plaintiff worked because the plaintiff had "not provided sufficient facts to support his claim of a company-wide policy and practice" by the defendant); *Coleman v. Jenny Craig, Inc*., 2013 U.S. Dist. LEXIS 82815, at * 8 (S.D. Cal. June 12, 2013) (limiting discovery to locations where plaintiff worked based on plaintiff's failure to provide evidence of companywide violations); *Martinet v. Spherion Atl.*

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1   *Enters., LLC.*, 2008 U.S. Dist. LEXIS 48113, (S.D. Cal. June 20, 2008) (limiting

2   discovery to offices where plaintiff worked until plaintiff provided evidence of

3   companywide violations).

4        Defendants request that the discovery deadlines be determined after the Court

5   has ruled on whether Plaintiff's claims will proceed as a class action, pursuant to

6   Rule 23. Defendants maintain that if the Court does not allow Plaintiff's claims to

7   proceed on a class basis, discovery should be limited to Plaintiff only. If discovery

8   is not limited to Plaintiff only, Defendants anticipate that a protective order may be

9   necessary to protect information regarding alleged putative class members.

10        The current deadline for the completion of fact and expert witness discovery

11   as it relates to class certification is June 26, 2020. Plaintiff's counsel has indicated

12   that Plaintiff will request that this deadline be extended to September 25, 2020.

13   Defendants do not oppose Plaintiff's requested deadline of September 25, 2020 for

14   completion of discovery relating to class certification.

15   **XI.**   **Changes/Limitations on Discovery**

16        The Parties do not believe any changes should be made in the limitations on

17   discovery imposed under the Federal Rules of Civil Procedure and the Rules of the

18   United States District Court for the Southern District of California at this time.

19   Defendants request the issue be revisited upon the Court's determination

20   concerning class certification.

21        The Parties agree that service via email is acceptable provided that concurrent

22   service by regular U.S. mail occurs.

23   **XII.**   **Discovery of Electronically Stored Information**

24        **A. Plaintiff's Position**

25        Plaintiff has discussed preservation of electronically stored information

26   ("ESI") with Defendants, and Plaintiff requests that Defendants preserve relevant

27   information for the Plaintiff and to continue to meet and confer regarding the

28

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

proportionate scope of any additional ESI. If any issues arise regarding the accessibility of data, Plaintiff proposes that the Parties meet and confer to resolve them promptly.

Plaintiff anticipates that the Parties will both request computer-based or digital information to the extent that information of this kind reflects Plaintiff's and putative class members' employment with Defendants, the claims asserted in Plaintiff's complaint, and/or the extent of classwide monetary remedies. Plaintiff hopes the Parties will agree that such documents will be produced in their electronic or native form whenever possible, on compact discs, and hard copy (paper) if electronic records do not exist. Plaintiff also hopes to obtain such electronically stored information from any and all vendors Defendants engaged for recording employee worktime and processing payroll, including Ceridian and DayForce.

**B.** Defendants' Position

Defendants hereby certify that they have reviewed the Guidelines relating to the Discovery of Electronically Stored Information and have met and conferred with Plaintiff about same pursuant to Rule 26(f).  Defendants have taken steps to preserve evidence relevant to the issues reasonably in dispute in this case, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mail, and other electronically recorded material.  Defendants will meet and confer with Plaintiff regarding discovery of Electronically Stored Information ("ESI"), but given Plaintiff's position as a material handler I, Defendants do not believe that large amounts of ESI will be at-issue in this matter or that discovery of ESI will be necessary.

**XIII.** **Claims of Privilege**

The Parties acknowledge the need for confidentiality of trade secrets, client data, and other proprietary or private information. At this time, the Parties propose that they will resolve the need for stipulations among themselves.

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

**A.** **Plaintiff's Position**

Plaintiff intends to seek disclosure of names and contact information of putative class members from Defendants. He is willing to obtain such information by the opt-out process that *Belaire-West Landscape, Inc. v. Superior Court (Rodriguez)* 149 Cal.App.4th 554 (2007) describes. Plaintiff plans to present Defendants with a draft stipulation for such an order. Also, Plaintiff anticipates that he may request production of confidential documents pertaining to putative class members during discovery that may be protected by a right to privacy under the California and federal Constitutions. Plaintiff has presented Defendants with a proposed stipulation for a protective order to govern production of such documents.

**B.** **Defendants' Position**

At the request of Plaintiff, Defendants may prepare a privilege log for documents withheld solely on the basis of any privilege. To the extent necessary as litigation progresses, the Defendants may request an order pursuant to Federal Rule of Evidence 502(d), as appropriate. The Parties agree to enter into a protective order regarding confidentiality and the inadvertent disclosure of any privileged information / documents.

Defendants require that the putative class members receive appropriate written notice and be afforded an opportunity to opt-out from the disclosure of their identity and contact information in discovery pursuant to *Belaire-West Landscape, Inc. v. Superior Court,* 149 Cal. App. 4th 554 (2007) prior to any disclosure of such information. To the extent the Court so orders an opt-out notice, Defendants contend that Plaintiff should bear the cost of such a notice. *See e.g. Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974) (holding plaintiffs must bear the cost of notice to class members); *Yeoman v. Ikea U.S. West, Inc.*, No.11cv701 WQH (BGS), 2013 U.S. Dist. LEXIS 158516, at *16-*17 (S.D. Cal. Nov. 5, 2013) (holding cost of class notice should be borne by plaintiff prior to any finding of liability); *In re*

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Autozone Wage & Hour Empl. Practices Litig.*, No.10-md-02159 CRB (JSC), 2011 U.S. Dist. LEXIS 132973, at *2-*3, *5-*6 (N.D. Cal. Nov. 17, 2011) (holding Plaintiffs should pay for the *Belaire-West* notice); *see also Willner v. Manpower Inc.*, No.11-cv-02846-JST, 2013 U.S. Dist. LEXIS 57428, at *7 (N.D. Apr. 22, 2013); *Prag Tierno v. Rite Aid Corp.*, No.C 05-02520 THE, 2008 U.S. Dist. LEXIS 79624, at *2-3 (N.D. Cal. Aug. 9, 2008) ("[a] party producing documents will … not be put to the expense of  making copies for the requesting party" as "'a party need only make requested documents available for inspection and copying; it need not pay copying costs'").

## XIV.  Depositions

### A. Plaintiff's Position

Plaintiff plans to depose:

• Defendants' Person(s) Most Knowledgeable on the policies and practices at issue on this lawsuit.

• Plaintiff's Foreman,  Chris Gonzalez: Plaintiff reported and worked in close proximity to Mr. Gonzalez. Mr. Gonzalez was present while Plaintiff was working and observed Plaintiff and putative class members working off-the-clock, including before and after shifts and during clocked-out meal periods, the inability to take timely, uninterrupted, duty-free 30-minute meal periods and 10-minute rest periods**,** and the use of their own tools, including gloves and tape measures, to perform their job duties.

• Defendants' Store Manager, Ryan Jamison- Plaintiff worked in close proximity to Mr. Jamison. Mr. Jamison was present while Plaintiff was working and observed Plaintiff and putative class members working off-the-clock, including before and after shifts and during clocked-out meal periods, the inability to take timely, uninterrupted, duty-free 30-minute meal periods and 10-minute rest periods**,** and the use of their own tools, including gloves and tape measures, to perform their

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1  job duties.

2       • Defendants' General Manager, Ted Teran- Plaintiff worked in close

3  proximity to Mr. Teran. Mr. Teran was present while Plaintiff was working and

4  observed Plaintiff and putative class members working off-the-clock, including

5  before and after shifts and during clocked-out meal periods, the inability to take

6  timely, uninterrupted, duty-free 30-minute meal periods and 10-minute rest periods,

7  and the use of their own tools, including gloves and tape measures, to perform their

8  job duties.

9  **B. Defendants' Position**

10      Through discovery, Defendants intend to take the deposition of Plaintiff

11  regarding his claims for unpaid wages, missed meal periods and rest breaks, failure

12  to reimburse for business expenses, failure to provide itemized wage statements,

13  unfair business practices, and failure to pay wages due at termination and during

14  employment, in addition to Plaintiff's separate presently unpled claims for alleged

15  racial harassment and other alleged violations of the California Fair Employment

16  and Housing Act.  Defendants also anticipate deposing any other individuals who

17  are added as plaintiffs or submit declarations on behalf of Plaintiff. Lastly,

18  Defendants anticipate taking depositions of any named individual that Plaintiff

19  identifies in discovery responses or in deposition testimony who possess

20  information relevant to Plaintiff's claims.

21  **XV.  Discovery Necessary for Settlement Evaluation**

22      **A. Plaintiff's Position**

23      In order to evaluate the prospect of settlement, Plaintiff seeks the following

24  from Defendants for the time periods relevant to his representative claims under

25  PAGA, Labor Code §§ 203 and 226, and the unfair competition law: (a) the number

26  of Class Members, (b) the number of paychecks Defendants issued, (c) the number

27  of workweeks, (d) the number of employee recorded workdays greater than 3.5, 5,

28

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

6, 7.5, 8, 10, and 12 hours, (e) the number of workweeks that exceeded 40 hours worked or six workdays, (f) the average length of time the employees worked per day during the UCL and PAGA Periods, (g) the amount paid in missed meal and rest period premium wages, (h) the number of employees and amounts Defendants reimbursed for business expenses, (i) average hourly rates, (j) all documents relating to Plaintiff, (k) a random sample of 20% of employees time records, payroll records, yard schedules, yard monthly ticket counts, bonuses, and reimbursement records, (l) all employment agreements, (m) all training materials, employee handbooks, guidelines, agreements (including employee), human resources manuals, written policies, procedures, rules, waivers, posters, and guidelines that Defendants communicated to Class Members, and (n) any and all claims (e.g.s, lawsuits, DLSE/Labor Commissioner/LWDA claims and audits, or otherwise) against Defendants for unprovided meal and rest periods, unpaid wages, failure to reimburse, wage statement violations, and untimely wages during or at the end of employment.

### **B.** Defendants' Position

Defendants request that Plaintiff produce any damages analysis Plaintiff has or will conduct in advance of the ENE, as well as any witness statements Plaintiff has obtained and which Plaintiff contends evidence that class certification is appropriate. Defendants further request that Plaintiff disclose any theories of liability he is considering, not specified in the Complaint.

## **XVI.** Methods and Limitations on Use of Testimony

The Parties are not aware of any methods that can be used from the outset to avoid unnecessary proof and cumulative evidence. Plaintiff also does not anticipate limitations or restrictions on the use of testimony under Federal Rule of Evidence 702. Defendants reserve their right to object to Plaintiff's presentation and use of expert testimony under Federal Rule of Evidence 702 if and when such testimony

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Sengvong v. Probuild Company LLC, et al.*     19     Joint 26(f) Report and Discovery Plan

is offered in this matter.

## XVII. Special Procedures

The Parties do not believe the case is suitable for any special procedures such as reference to binding arbitration, a special master, or agreement to try the matter before the assigned magistrate judge.

## XVIII. Modifications of Standard Pretrial Procedures

The Parties do not believe there should be any modifications of Standard Pretrial Procedures.

## XIX. Proposals Regarding Severance, Bifurcation or Other Ordering of Proof.

### A. Plaintiff's Position

Plaintiff contends that this case need not be severed or bifurcated.

### B. Defendants' Position

Defendant reserves the right to move for bifurcation of liability from the damages phase.

## XX. Complex Cases. The Complexity of the Case, and Whether All or Part of the Procedures of the Manual for Complex Litigation (Current Edition) Should be Utilized. Counsel May Propose to the Court Modifications of the Procedures in the Manual to Facilitate the Management of a Particular Action.

The Parties do not believe that the Procedures of the Manual for Complex Litigation need to be utilized in this case. However, if the Court should determine it necessary, the Parties do not have any modifications to the Procedures in the Manual at this time.

///

///

///

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1   Respectfully submitted,

2                                        THE SPIVAK LAW FIRM

3

4   Dated: March 5, 2020               By:___/s/ David Spivak_____

5                                          DAVID SPIVAK
                                           Attorney for Plaintiff,
6                                          OTINA SENGVONG, and all others

7                                          similarly situated

8                                        JACKSON LEWIS P.C.

9

10
    Dated: March 5, 2020               By:_/s/ Andrea F. Oxman_____
11                                         NICKY JATANA

12                                         ANDREA F. OXMAN
                                           SEHREEN LADAK
13                                       Attorneys for Defendants,
                                         DEFENDANTS PROBUILD COMPANY
14                                       LLC DBA DIXIELINE LUMBER &

15                                       HOME CENTERS, DIXIELINE TRUSS
                                         YARD, DIXIELINE CLASSIC
16                                       COLLECTIONS, DIXIELINE HOME

17                                       CENTERS; BUILDERS FIRSTSOURCE
                                         DALLAS, LLC; and BUILDERS
18                                       FIRSTSOURCE, INC.

19

20

21

22

23

24

25

26

27

28

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

**EXHIBIT A**

**[PROPOSED] PRETRIAL CALENDAR**

| <u>**Matter**</u> | <u>**Court's Proposed Deadlines**</u> | <u>**Plaintiff's Proposed Deadlines**</u> | <u>**Defendants' Proposed Deadlines**</u> |
|---|---|---|---|
| Last Day to File Motion for Entry of a Stipulated Protective Order | March 25, 2020 | May 27, 2020 | May 27, 2020 |
| Last Day to File Motion to Amend Pleadings and/or Add Parties | April 8, 2020 | June 8, 2020 | June 8, 2020 |
| Completion of Fact and Expert Discovery as it Relates to Class Certification | June 26, 2020 | Sept. 25, 2020 | Sept. 25, 2020 |
| Plaintiff's Deadline to File Class Certification Motion | July 24, 2020 | Oct. 26, 2020 | Oct.26, 2020 |
| Defendants' Deadline to File Opposition to Class Certification Motion | | Feb. 8, 2021 | Feb. 8, 2021 |
| Plaintiff's Deadline to File Reply in Support of Class Certification Motion | | Mar. 1, 2021 | Mar. 1, 2021 |
| Hearing on Class Certification Motion | | Mar. 29, 2021 | Mar. 29,2021 |
| Deadline to File All Dispositive Motions | | July 26, 2021 | To be determined upon Court's decision on class certification |

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

| | | | |
|---|---|---|---|
| Deadline to Hear All Dispositive Motions | | Nov. 8, 2021 | To be determined upon Court's decision on class certification |
| Discovery Cutoff for *All* Discovery | | Nov. 29, 2021 | To be determined upon Court's decision on class certification |
| Last Day to Conduct Settlement Conference | | Jan. 3, 2022 | To be determined upon Court's decision on class certification |
| Last Day for Hearing Motions (except Class Certification Motion) | | Jan. 10, 2022 | To be determined upon Court's decision on class certification |
| Deadline to File: (1) Proposed Pretrial Conference Order; (2) Memoranda and Contentions of Fact and Law; (3) Joint Witness List; (4)  Joint Exhibit List and Exhibit Stipulation; (5) Proposed Verdict Form(s); (6) Proposed Jury Instructions / Disputed Jury Instructions; (7) Joint Report re: Settlement | | Jan. 31, 2022 | To be determined upon Court's decision on class certification |

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

| Deadline to File: (1) Motions in Limine; (2) Proposed Voir Dire Questions; (3) Agreed-to Statement of the Case | | Feb. 7, 2022 | To be determined upon Court's decision on class certification |
|---|---|---|---|
| Hearing on Motions in Limine | | Feb. 21, 2022 | To be determined upon Court's decision on class certification |
| Last Date to File Final Trial Exhibit Stipulation | | Feb. 24, 2022 | To be determined upon Court's decision on class certification |
| Final Pre-trial Conference | | Feb. 7, 2022 | To be determined upon Court's decision on class certification |
| Trial Date | | Mar. 1, 2022 | To be determined upon Court's decision on class certification |

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com