# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTINA SENGVONG, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROBUILD COMPANY LLC, et al.,<br><br>Defendants. | Case No. 3:19cv2231-MMA-JLB<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 39] |

Otina Sengvong ("Plaintiff") brings this putative wage and hour class action (the "Action") against Defendants Probuild Company, LLC, et al. ("Defendants"). Plaintiff moves for preliminary approval of a class settlement pursuant to Federal Rule of Civil Procedure 23(e). *See* Doc. No. 39; *see also* Doc. No. 39-2, Spivak Decl., Ex 1. Defendants do not oppose Plaintiff's motion. The Court found the matter suitable for determination without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 47. Upon due consideration, the Court **GRANTS** Plaintiff's motion and **ORDERS** as follows:

1.  The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2.  The Court preliminarily approves the Settlement and the Class based upon

the terms set forth in the Stipulation of Class Settlement and Release Between Plaintiff and Defendants (the "Settlement") filed herewith.  All capitalized terms used herein shall have the same meaning as defined in the Settlement.  The Court finds that the terms of the Settlement are fair, adequate, and reasonable to the Class.  The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final hearing and final approval by this Court.

3.  The Court conditionally certifies, for settlement purposes only, a "Settlement Class" defined as: "All persons employed by Defendants in California as non-exempt employees at any time during the Settlement Class Period." "Settlement Class Period" is defined as: "The period from October 15, 2015 through October 3, 2020."

4.  The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate based on the following reasons: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and her counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual the Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  The Court preliminarily finds, subject to the Final Approval hearing, that the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and (b) meets all applicable requirements of law,

including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

6. The Court finds that the dates set forth in the Settlement for mailing and distribution of the Notice meet the requirements of due process and provide the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled thereto, and directs the mailing of the Notice Packet by first class mail to the Settlement Class as set forth in the Settlement. Accordingly, the Court approves and adopts the following implementation schedule for further proceedings:

    a. Within fourteen (14) calendar days after the entry of the Preliminary Approval Order, Defendants must provide the Claims Administrator with the Class List for the purposes set forth in the Settlement.

    b. Within twenty eight (28) calendar days after the entry of the Preliminary Approval Order, the Claims Administrator must send a Notice Packet to all Settlement Class Members via first-class mail, postage prepaid, using the most current mailing address information available contained in the Class List and any Notice Packets returned to the Claims Administrator as non-delivered before the expiration of the 60-calendar day period for Settlement Class Members to mail Exclusion Letters shall be re-mailed to its forwarding address.

    c. If no forwarding address is provided for a Notice Packet that is returned as non-delivered, then such Notice Packet will be re-sent by the Claims Administrator after the address is updated using the following skip-trace procedures: (1) run the Class List through the United States Postal Service's National Change of Address database; and (2) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility records, property tax records, motor vehicle registration records, and credit bureaus.

    d. Undelivered Notice Packets will be re-sent within five (5) calendar days after the Claims Administrator receives notice that the Notice Packet was

3

3:19cv2231-MMA-JLB

undeliverable.

  e. Settlement Class Members who wish to exclude themselves from the Settlement must submit a timely and valid Exclusion Letter before the expiration of the Opt-Out Period (60 calendar-days after the mailing of the Notice Packets).

  f. Settlement Class Member(s) who wish to object to the Settlement must mail a written statement of objection to the Claims Administrator on or before the expiration of the Opt-Out Period in accordance with the Settlement.

 5. The Court approves, as to form and content, the Class Notice. The Court also approves the procedure for members of the Settlement Class to object to the Settlement set forth in the Notice.

 6. The Court approves, for settlement purposes only, David Spivak of The Spivak Law Firm and Walter Haines of United Employees Law Group as Class Counsel.

 7. The Court approves, for settlement purposes only, Otina Sengvong as the Representative Plaintiff.

 8. The Court approves Phoenix Class Action Administration Solution as the Claims Administrator.

 9. The Court preliminarily approves Class Counsel's request for attorneys' fees and costs subject to final review by the Court.

 10. The Court preliminarily approves the estimated Claims Administration Costs payable to the Claims Administrator subject to final review by the Court.

 11. The Court preliminarily approves Plaintiff's Incentive Award subject to final review by the Court.

 12. The Court will hold a Final Approval Hearing on **July 29, 2021 at 3:00 p.m.** in Courtroom 3D of the Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, CA 92101, at which time it will consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Preliminary Approval Order, as well as the application of Class Counsel for an award of reasonable attorneys' fees and costs incurred and the Representative Plaintiff's Incentive

Award. All briefs and materials in support of the Motion for a Final Approval Order and Judgment and Application for Attorneys' Fees and Costs must be filed no later than twenty-eight (28) days before the Final Approval Hearing.

13. If for any reason the Court does not execute and file a Final Approval Order and Judgment, or if the Effective Date, as defined in the Settlement, does not occur for any reason, the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, will be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement.

14. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to members of the Settlement Class.

**IT IS SO ORDERED**.

DATE: March 11, 2021

HON. MICHAEL M. ANELLO
United States District Judge